# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2022

Lyle W. Cayce
Clerk

No. 21-11083

Thurman Fuller; Clara Fuller; Elizabeth Donell; Grace Fuller; Louise Sawyer; Patricia Dockery,

*Plaintiffs—Appellants*,

*versus*

Rabalais Oil and Gas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-297

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

I.

On March 30, 2020, seven siblings, Thurman Fuller, Clara Fuller, Grace Fuller, George Fuller, Elizabeth Donell, Louise Sawyer, and Patricia Dockery ("Plaintiffs") sued the Rabalais Oil and Gas company ("Rabalais")

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11083

for unpaid royalties arising from alleged drilling by Rabalais in Columbia County, Arkansas. Plaintiffs "recently discovered that they are heirs to a tract of land on the Grayson Smackover Lime Unit in Columbia County, Arkansas." Plaintiffs assert that Rabalais has "extracted minerals [from the tract of land in question] but did not pay any royalties to the Plaintiffs." As the Magistrate Judge in this matter observed, "[t]his case represents another chapter in a saga of lawsuits Plaintiffs have brought against several defendants for the same allegation." ROA.11. *See also Fuller v. Hibernia Oil*, No. H-19-1670, 2021 WL 2559455 (S.D. Tex. May 19, 2021); *Fuller v. Atl. Expl.*, No. 1:20-cv-01019, 2021 WL 1732505 (W.D. Ark. May 3, 2021); *Fuller v. Petro-Chem Op. Co.*, No. 5:20-cv-00185, 2020 WL 5539796 (W.D. La. Aug 4, 2020); *Fuller v. Lion Oil Trading & Transp.*, LLC, 1:19-cv-1020, 2020 WL 3057392 (W.D. Ark. June 9, 2020), aff'd 848 F. App'x 223 (8th Cir. 2021). Each of Plaintiffs' prior suits was dismissed. *Id.*

In the present matter, Rabalais filed a motion for summary judgement on July 23, 2021, in which they alleged: (1) the company has never extracted minerals from Plaintiffs' tract of land and, as such, does not have earnings from which they could pay royalties to Plaintiffs; and (2) Plaintiffs conveyed their royalty interest to a third party and, therefore, have no entitlement to royalties regardless of Rabalais' extraction activities – or lack thereof. A magistrate judge recommended the district court grant Rabalais' summary judgment motion, in light of evidence that decisively established Rabalais lacked any connection to the tract of land in question. The district court accepted the magistrate judge's report and recommendation and granted the motion for summary judgement. Plaintiffs timely appealed.

II.

This Court "review[s] dispositive motions such as dismissals and summary judgments de novo." *GWTP Invs., L.P. v. SES Americom, Inc.*, 497

No. 21-11083

F.3d 478, 481 (5th Cir. 2007). Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, "the plain language of Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (cleaned up).

Upon de novo review, we find no specific, factual evidence Rabalais ever produced or extracted minerals or other natural resources from Plaintiffs' tract of land. Because Rabalais' extraction of materials from Plaintiffs' property is "an essential element to [Plaintiffs'] case," and Plaintiffs have failed "to make a showing sufficient to establish the existence of [that] element," Plaintiffs cannot show any genuine issue of material fact remains to defeat Rabalais' summary judgment motion. *Brown,* 663 F.3d at 766. For this reason, we AFFIRM the district court's grant of summary judgment.